**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JEREMY MITCHELL, #466864,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00670-JPG |
| ) | |
| **LIEUTENANT COLLINS** ) | |
| **and JOHN DOES 1-3,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jeremy Mitchell filed this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). In the Complaint, Plaintiff claims he was attacked by several unknown officers (John Does 1-3) during his detention at St. Clair County Jail on July 22, 2018. (*Id*. at 6). He seeks money damages from the defendants. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff used this Court's standard civil rights complaint form to prepare his Complaint. In doing so, he checked boxes designating this as an action brought pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (*Bivens*), and 28 U.S.C. §§ 1346, 2671-2680 (Federal Tort Claims Act). Because Plaintiff is suing individual officers for allegedly violating his federal constitutional rights while acting under color of state law, this action is appropriately brought under 42 U.S.C. § 1983. To the extent he intended to bring any claims pursuant to *Bivens* or the FTCA, Plaintiff has failed to state a claim for relief. Accordingly, the *Bivens* and FTCA claims should be considered dismissed without prejudice.

1

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): On or around July 22, 2018, Plaintiff was taken into custody at St. Clair County Jail. Officer John Doe 1 slapped Plaintiff and threw him into the holdover tank. The officer made it clear that he was placing Plaintiff in the tank in order to encourage other detainees to attack him. Officers John Doe 1, 2, and 3 then threw Plaintiff into the hallway and beat him. Plaintiff suffered bruising and other injuries to his head, eye, and body. When he sought medical treatment, Nurse Jane Doe told Plaintiff that he deserved to be beaten. (*Id*.).

**Preliminary Dismissals**

Before addressing Plaintiff's claim, the Court must consider two preliminary matters.

First, Lieutenant Collins is named as a defendant in the case caption, but he is not mentioned in the statement of claim. Plaintiff cannot proceed with a claim against this defendant, simply because of his supervisory role at the Jail. To state a claim under Section 1983, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable for the unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability hinges on personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). Absent any allegations suggesting that Lieutenant Collins was involved in violations of Plaintiff's constitutional rights, all claims against this individual shall be dismissed without prejudice.

Second, Nurse Jane Doe is mentioned in the statement of claim, but she is not named as a defendant. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all claims against Nurse Jane Doe are considered dismissed without prejudice.

## Discussion

Based on the allegations, the Court finds it convenient to designate a single claim in the *pro se* Complaint:

> **Count 1:** Officers John Doe 1, 2, and 3 subjected Plaintiff to the unauthorized use of force at St. Clair County Jail on or around April 22, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Count 1 survives screening against Officers John Doe 1, 2, and 3 under the Fourth, Fourteenth, and/or Eighth Amendments. Although the applicable legal standard is not yet clear, this can be sorted out as the case proceeds. In order to bring an excessive force claim under the Fourth Amendment (applicable to arrestees) or Fourteenth Amendment (applicable to pretrial detainees), a plaintiff need only show that the force that was knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). In order to pursue this claim under the Eighth Amendment (applicable to prisoners), a plaintiff must show that force was applied "maliciously and sadistically." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The allegations

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

suggest that all three officers used unauthorized force against Plaintiff, in violation of his rights under the Fourth, Fourteenth, and/or Eighth Amendments. Count 1 shall proceed against them.

### Identification of Unknown Defendants

Count 1 survives screening against the three unknown officers, John Does 1-3. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. St. Clair County's Sheriff will be **ADDED** as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Complaint.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **JOHN DOE 1, JOHN DOE 2,** and **JOHN DOE 3**. However, Defendant **LIEUTENANT COLLINS** is **DISMISSED** without prejudice from this action because the Complaint fails to state any claim for relief against him/her. In addition, all *Bivens* and FTCA claims are **DISMISSED** without prejudice from this action.

The Clerk's Office is **DIRECTED** to **ADD** the **ST. CLAIR COUNTY SHERIFF (official capacity only)** as a defendant in CM/ECF for the sole purpose of responding to discovery aimed at identifying the three unknown officers (John Does 1-3) with particularity.

The Clerk of Court shall prepare for Defendants **ST. CLAIR COUNTY SHERIFF** (official capacity only)**,** and, once identified, **OFFICERS JOHN DOE 1-3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and

this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants John Does 1-3 need only respond to the issues in this Merits Review Order.  St. Clair County Sheriff need appear but need not file an answer.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/21/2020**

                                                                      s/J. Phil Gilbert
                                                                      **J. PHIL GILBERT**
                                                                      **United States District Judge**

<u>**Notice**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.