## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY MITCHELL, #466864,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00670-JPG |
| ) | |
| **JOHN DOES 1-3 and** ) | |
| **ST. CLAIR COUNTY SHERIFF,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On July 9, 2020, Plaintiff filed this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at St. Clair County Jail. (Doc. 1). In the Complaint, Plaintiff alleges that three unknown officers ("John Does 1-3") assaulted him in 2018. (*Id*. at 6). Plaintiff seeks money damages from them. (*Id*. at 7).

Following the Court's preliminary review of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single claim against the officers for using unauthorized force against him. (Doc. 17). St. Clair County's Sheriff was added as a defendant, in his or her official capacity only, to identify the officers by name. (*Id*.). Plaintiff's request for leave to proceed *in forma pauperis* without prepaying the full filing fee for the action was also granted, and he was ordered to pay $20.54. (Docs. 6 and 13).

On November 20, 2020, the Court entered the Initial Scheduling Order. (Doc. 24). Pursuant to the Order, the parties were given deadlines for disclosing information necessary to identify the three unknown defendants. (*Id*. at 2). On or before December 21, 2020, Plaintiff was required to provide the St. Clair County Sheriff's attorney with identifying information for the

1

three unknown defendants. (*Id*.). No later than January 6, 2021, the St. Clair County Sheriff's attorney was required to provide Plaintiff with the names of the unknown defendants or, if still unknown, any documentation or information to assist with their identification. (*Id*.). Plaintiff was required to file a motion for substitution of defendants on or before February 19, 2021. (*Id*.). Plaintiff was warned that failure to comply with the Initial Scheduling Order and/or identify the defendants would result in dismissal of the action. (*Id*.) (citing FED. R. CIV. P. 41(b)).

Plaintiff missed the deadline for providing St. Clair County Sheriff's counsel with information necessary to identify the unknown defendants by December 21, 2020. (Doc. 25). On January 6, 2021, St. Clair County Sheriff filed a notice of compliance with the Initial Scheduling Order (Doc. 24) and a motion to compel Plaintiff's compliance with Document 24 or dismiss the case. (Doc. 25). There, Defendant explains that Plaintiff mailed counsel a letter requesting shift schedules, employee photographs, and jail surveillance videos in early December 2020—without providing the information identified in the Initial Scheduling Order. (Doc. 24; Doc. 25, ¶ 5). When counsel sent Plaintiff a letter to point this out, the letter was returned with a notation indicating that Plaintiff was "gone, return to sender." (*Id*. at ¶ 7). According to this defendant, Plaintiff has been released from the custody of the St. Clair County Jail, and he has not provided the Court with his updated address. Defendant requested an Order compelling Plaintiff's compliance with the Initial Scheduling Order or, alternatively, an Order dismissing the case for failure to do so. (Doc. 25, p. 4).

On January 8, 2021, the Court entered the following Order:

> . . . The Motion to Compel is GRANTED. On or before JANUARY 19, 2021, Plaintiff is ORDERED to file a Notice with the Court providing any information he "possesses which will help identify the John Doe Defendants, such as: physical description(s), gender, rank, partial name(s)/nickname(s), specific job assignment(s), shift times, and locations and dates where Plaintiff interacted with the John Doe(s)." By the same deadline, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed based on his

failure to timely file his Notice and timely update his address with the Court. **He is WARNED that failure to timely comply with the Motion to Compel and Order to Show Cause shall result in dismissal of this action for failure to comply with a court order and for failure to prosecute his claims. FED. R. CIV. P. 41(b).** The Court DEFERS its decision on the Motion to Dismiss for Want of Prosecution until after this deadline expires on January 19, 2021.

(Doc. 27) (emphasis added). Plaintiff was also ordered to pay his initial partial filing fee of $20.54 or demonstrate that he has no means to pay it by January 20, 2021. (Doc. 24).

Plaintiff failed to comply with the Orders at Documents 24 and 27. He did not file a Notice with the Court on or before January 19, 2021. (*See* Doc. 27). He did not respond to the Order to Show Cause by the same deadline. Plaintiff also failed to pay any portion of his initial partial filing fee or demonstrate that he has no means to pay it by the court-imposed deadline of January 20, 2021. At least a week has passed since these deadlines expired, and the Court has heard nothing from Plaintiff.

The Court will not allow this matter to linger indefinitely. Defendant's motion to dismiss shall be granted. (Doc. 25). This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders (Docs. 24 and 27) and his failure to prosecute his claim. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that Defendant St. Clair County Sheriff's Motion to Dismiss (Doc. 25) is **GRANTED**. This action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Orders at Documents 24 and 27 and his failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike." *See* 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  1/28/2021**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**
